**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Michael MOLINA, Defendant–Appellant.**

No. 14–50276.

United States Court of Appeals, Ninth Circuit.

March 21, 2016.

Emily Keifer, Assistant U.S., Peter Ko, Assistant U.S., David Daniel Leshner, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Marks, Federal Defenders of San Diego, San Diego, CA, for Defendant–Appellant.

D.C. No. 3:12–cr–04922–BEN–1.

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

## ORDER AMENDING

The memorandum disposition filed January 8, 2016 in the above-captioned case is hereby amended as follows:

The sentence that currently reads, <Villasensor's testimony that she was going to pay a fee to be smuggled into the United States was admissible under Rule 602 because her earlier testimony that she had worked with another individual on the details of being smuggled into the United States established sufficient personal knowledge.> is replaced by the following sentence, <Villasensor's testimony that she was going to pay a fee to be smuggled into the United States was admissible under Rule 602 because her testimony established sufficient personal knowledge of plans to pay a fee.>

With this amendment, the panel has unanimously voted to deny Appellant's petition for rehearing and petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35. The petitions for rehearing and rehearing en banc are DENIED. Further petitions for rehearing and rehearing en banc shall not be entertained.